UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL MORTON,

    Plaintiff,

v.

CITY OF ELLENSBURG, a Washington Municipal Corporation; CITY OF ELLENSBURG POLICE DEPARTMENT; CITY OF ELLENSBURG PROSECUTING ATTORNEY'S OFFICE; POLICE CHIEF DALE MILLER (in his official and individual capacities) and JANE DOE MILLER, husband and wife and the marital community composed thereof; CORPORAL B. JONES (in his official and individual capacities) and JANE DOE JONES, husband and wife and the marital community composed thereof; DETECTIVE SERGEANT BRENT KOSS (in his official and individual capacities) and JANE DOE KOSS, husband and wife and the marital community composed thereof; TIM WEED (in his official and individual capacities) and JANE DOE WEED, husband and wife and the marital community composed thereof; JOSH BENDER (in his official and individual capacities) and JANE DOE BENDER, husband and wife and the marital community composed thereof; PROSECUTOR FRAN CHMELEWSKI (in her official and individual capacities) and JOHN DOE CHMELEWSKI, husband and wife and the marital community composed thereof,

    Defendants.

NO. CV-09-3092-EFS

**ORDER DENYING AND DENYING AS MOOT IN PART DEFENDANTS' MOTION TO COMPEL and GRANTING DEFENDANTS CHMELEWSKIS' MOTION TO DISMISS**

ORDER ~ 1

Before the Court, without oral argument, are Defendants Fran and John Doe Chmelewskis' Motion to Dismiss Pursuant to FRCP 12(b)(6) (Ct. Rec. 15) and a Motion to Compel Answers to Interrogatories and Requests for Production of Documents (Ct. Rec. 19) filed by all Defendants. Plaintiff Daniel Morton opposes the motions.[1] After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Defendants Chmelewskis' motion to dismiss and denies and denies as moot in part Defendants' motion to compel.

**A. Relevant Background[2]**

On July 10, 2007, the day after receiving a citation for minor in possession/consumption, Mr. Morton was approached by Ellensburg Detective Sergeant Brett Koss to assist in controlled buys for the Ellensburg Police Department. Detective Koss threatened Mr. Morton that if he did not agree to assist that he would be charged with an additional charge of fourth degree assault. Mr. Morton declined to perform a controlled buy; the next day he was charged with fourth degree assault.

During this time, Mr. Morton also had a pending minor in possession charge in Lower Kittitas County District Court—the county in which Ellensburg is located. Mr. Morton was to appear for court on July 18,

---

[1] Plaintiff's response to the motion to dismiss was untimely. Plaintiff is cautioned that a future untimely responsive memorandum may result in the entry of an adverse Order. LR 7.1(e).

[2] The "background" section is based on the Complaint's (Ct. Rec. 1) relevant factual allegations. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

ORDER ~ 2

2007; however, due to a family emergency he contacted Lower Kittitas County District Court on July 16, and 18, 2007, to reschedule the hearing. Mr. Morton was informed that the hearing date as changed. Unfortunately for Mr. Morton, only the hearing *time*, but not the hearing *date*, was rescheduled. Due to Mr. Morton's failure to appear at the July 18, 2007 hearing, an arrest warrant was issued.

After learning about the issuance of the arrest warrant, Mr. Morton called the Lower Kittitas County District Court and Prosecutor Fran Chmelewski. Prosecutor Chmelewski "advised [Mr. Morton] that the court would hold a hearing on July 25, 2007 [sic] to recall and quash to [sic] warrant. She assured [Mr. Morton] that the warrant would be quashed. [Mr. Morton] relied on the information provided to him by the court and by defendant Chmelewski" and did not appear for the July 25, 2007 hearing. (Ct. Rec. 1 ¶ 3.10.)

Contrary to Prosecutor Chmelewski's telephonic representation, at the July 25, 2007 hearing, she encouraged the court to maintain the arrest warrant. The court maintained the arrest warrant, which was executed the next day.

On September 23, 2009, Mr. Morton filed this 42 U.S.C. § 1983 action, which also alleges state law claims, including a malicious prosecution claim against Prosecutor Chmelewski. Trial is set for May 2, 2010. The instant motion to compel and motion to dismiss were filed in August 2010.

**B.   Defendants' Motion to Compel**

Defendants 1) ask the Court to require Mr. Morton to answer the May 27, 2010 propounded interrogatories and requests for production and

ORDER ~ 3

2) request recovery of the one-hour of attorney's fees incurred in preparing the motion. Mr. Morton opposes the motion because counsel had reached an agreement that discovery would be provided on a rolling basis as it became available, discovery was fully provided on September 13, 2010, and defense counsel failed to meet and confer as required by Local Rule 37.1 prior to filing the motion.

It is undisputed that on September 13, 2010, Mr. Morton provided Defendants with the requested discovery. Mr. Morton's response, however, was tardy. Federal Rules of Civil Procedure 33(b)(2) (interrogatories) and 34(c) (requests for production) set thirty-day response deadlines, absent formal agreement of the parties or Court permission. Neither party submitted evidence of an agreement to extend these response deadlines nor of an agreement to provide answers on a rolling basis. Mr. Morton appears to blame his tardiness on the number of interrogatories propounded: sixty-six interrogatories. Rule 33(b) does limit the number of interrogatories to twenty-five interrogatories, including subparts. Yet, Mr. Morton never filed a motion seeking relief from the interrogatories.

Although Mr. Mortons's answers were tardy, the Court declines to award Defendants' attorney's fees. Defense counsel did not comply with Local Rule 37.1 prior to filing the motion to compel.

In conclusion, Defendants' motion to compel is denied as moot (compel) and denied (attorney's fees request) in part.

**C.  Defendants Chmelewskis' Motion to Dismiss**

Defendants Fran and John Doe Chmelewski request dismissal of Mr. Morton's federal and state law claims against them because Ms. Chmelewski enjoys immunity for the alleged prosecutorial actions. The

ORDER ~ 4

parties do not dispute the relevant legal principles regarding federal prosecutorial absolute immunity for 42 U.S.C. § 1983 claims; and Mr. Morton does not contest Defendants' assertion that Washington's quasi-judicial immunity applies to bar Mr. Morton's state law claims. The parties disagree, however, as to how the federal prosecutorial absolute immunity legal principle applies here. Applying the immunity principles articulated below, the Court finds that dismissal is appropriate.[3]

"A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" *Broam*, 320 F.3d at 1028 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore, absolute immunity does not extend to *all* actions taken by a prosecutor: a prosecutor enjoys only qualified immunity when performing investigatory or administrative functions. *Id.* Accordingly, the focus is upon the nature of the function performed with the recognition that a prosecutor's role is not limited to the courtroom. *Id.* at 1028-29; *Imbler*, 424 U.S. at 431 n.33.

---

[3] In analyzing this Federal Rule of Civil Procedure 12(b)(6) motion, the Court accepted the Complaint's factual allegations as true and disregards the legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). After assuming the veracity of the Complaint's factual allegations, the Court determined they did not plausibly give the right to relief. *Id.*

ORDER ~ 5

Here, the nature of the alleged function performed is prosecutorial. Prosecutor Chmelewski was not merely discussing scheduling: an administrative function. Rather, the alleged misrepresentation related to the stance that the county would purportedly take relating to the issued arrest warrant. A prosecutor's stance related to the issuance of an arrest warrant that is directly communicated to the arrestee for purposes of his reliance is intimately associated with the judicial process. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *see also Waggy v. Spokane County, Wash.*, 594 F.3d 707, 711 (9th Cir. 2010) ("The Supreme Court has held absolute immunity protects a prosecutor who is appearing in court in support of a warrant application, presenting evidence at a hearing, or preparing for either the initiation or judicial proceedings or trial."); *Hamilton v. Daley*, 777 F.2d 1207 (7th Cir. 1985) ("Securing the attendance of the accused [at a criminal hearing] is equally a part of the judicial process . . . ."). Prosecutor Chmelewski advocated for her client when she allegedly misrepresented to Mr. Morton the county's position relating to the issuance of the arrest warrant. And it was only due to Prosecutor Chmelewski's role as a prosecutor that Mr. Morton could reasonably rely upon the alleged misrepresentation. Accordingly, Mr. Morton's relief for this alleged misrepresentation is not through a § 1983 civil lawsuit but in another forum. The Chmelewskis' motion to dismiss is granted.

**D.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

ORDER ~ 6

1. Defendants' Motion to Compel Answers to Interrogatories and Requests for Production of Documents **(Ct. Rec. 19)** is **DENIED** (attorney's fees) **and DENIED AS MOOT** (compel) **in part**.

2. Defendants Fran and John Doe Chmelewski's Motion to Dismiss Pursuant to FRCP 12(b)(6) **(Ct. Rec. 15)** is **GRANTED**. The case caption shall be amended to reflect the dismissal of the Chmelewskis.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this __4th__ day of October, 2010.

>                s/Edward F. Shea
>                EDWARD F. SHEA
>         United States District Judge

Q:\Civil\2009\3092.dismiss.disc.frm

ORDER ~ 7