UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL MORTON,<br><br>          Plaintiff,<br><br>      v.<br><br>CITY OF ELLENSBURG, a Washington Municipal Corporation; CITY OF ELLENSBURG POLICE DEPARTMENT; CITY OF ELLENSBURG PROSECUTING ATTORNEY'S OFFICE; POLICE CHIEF DALE MILLER (in his official and individual capacities) and JANE DOE MILLER, husband and wife and the marital community composed thereof; CORPORAL B. JONES (in his official and individual capacities) and JANE DOE JONES, husband and wife and the marital community composed thereof; DETECTIVE SERGEANT BRENT KOSS (in his official and individual capacities) and JANE DOE KOSS, husband and wife and the marital community composed thereof; TIM WEED (in his official and individual capacities) and JANE DOE WEED, husband and wife and the marital community composed thereof; JOSH BENDER (in his official and individual capacities) and JANE DOE BENDER, husband and wife and the marital community composed thereof; PROSECUTOR FRAN CHMELEWSKI (in her official and individual capacities) and JOHN DOE CHMELEWSKI, husband and wife and the marital community composed thereof,<br><br>          Defendants. | NO. CV-09-3092-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL, ENTERING JUDGMENT, AND CLOSING FILE** |

ORDER ~ 1

Before the Court, without oral argument, is the Motion for Summary Judgment Dismissal (ECF No. 30) filed by Defendants City of Ellensburg ("City"), Ellensburg Police Department, Ellensburg Prosecuting Attorney's Office, Police Chief Dale Miller, Corporal Brian Jones, Detective Sergeant Brent Koss, Officer Tim Weed, and Sergeant Josh Bender. Plaintiff Daniel Morton opposes the motion as it relates to the Defendants Corporal Jones, Detective Sergeant Koss, Officer Weed, and Sergeant Bender ("Officer Defendants").[1] After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Defendants' motion and enters summary judgment in their favor.

**A.  Factual Statement[2]**

---

[1] Defendants correctly highlight that Plaintiff's response was filed two weeks late. This is the second late response filed by Plaintiff's counsel; after the first late response, the Court cautioned counsel that a future untimely responsive memorandum may result in an adverse Order. (ECF No. 29 (citing LR 7.1(e)). Nonetheless, the Court will consider Plaintiff's untimely response and address the merits of Defendants' motion. And because the Court grants Defendants' motion, the Court elects not to sanction Plaintiff's counsel.

[2] When considering this motion and creating this factual section, the Court did not weigh the evidence or assess credibility; instead, the Court believed the undisputed facts (ECF No. 49) and Plaintiff's evidence (ECF Nos. 41 & 42) and drew all justifiable inferences therefrom in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

ORDER ~ 2

Detective Sergeant Koss, Corporal Jones, Sergeant Bender, and Officer Weed all have significant law enforcement training and have been employed by the Police Department for a number of years: Sergeant Koss for fifteen years; Corporal Jones for twenty-five years; Sergeant Bender for eleven years; and Officer Weed for six years.

On June 2, 2007, Officer Bender observed Mr. Morton walk with a bottle of beer and then place the bottle into a vehicle. Officer Bender looked into the vehicle and observed that it was a beer bottle. Officer Bender asked Mr. Morton for his identification; Mr. Morton complied and his identification showed that he was nineteen years old. Officer Bender cited Mr. Morton for being a minor in possession of alcohol ("MIP").

About one month later, on July 9, 2007, the Ellensburg Police Department received a report of a fight. Officer Weed, Corporal Jones, and Officer Clayton responded. Officer Clayton[3] obtained statements from

---

However, the Court did not accept as true assertions made by Plaintiff if they were flatly contradicted by the record or by the later submitted undisputed facts. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Disputed facts are supported by a citation to the record, while undisputed facts are not.

[3] In Plaintiff's LR 56 Statement of Facts (ECF No. 42), Plaintiff stated that Detective Sergeant Koss was involved in the July 9, 2007 investigation. This proffered fact, however, was not supported by any police report, and the police reports submitted by Defendants did not evidence that Detective Sergeant Koss was involved in the July 9, 2007 investigation. Further, Plaintiff agreed in the undisputed facts (ECF

ORDER ~ 3

two witnesses that Mr. Morton and another individual assaulted a third individual. Officer Weed cited Mr. Morton for fourth degree assault but did not place him under custodial arrest: Mr. Morton later received in the mail documentation that he had been charged with fourth degree assault (ECF No. 42, ¶ 6). That evening, Corporal Jones also cited Mr. Morton for being a minor in consumption of alcohol ("MIC") after observing that Mr. Morton's eyes were red and watery and detecting alcohol on his breath.

    On July 16, 2007, Mr. Morton was scheduled to appear before the Lower Kittitas County District Court on Cause No. 25827, relating to the July 9, 2007 MIC citation. On that date, Mr. Morton called the court clerk and requested a continuance of the July 16, 2007 hearing; a continuance was granted and the hearing was continued to July 30, 2007.

    On July 18, 2007, Mr. Morton was scheduled to appear again before the Lower Kittitas County District Court on Cause No. 25703 relating to his June 2007 MIP charge. Mr. Morton failed to appear for the July 18, 2007 hearing; he did not attempt to contact the court clerk as he had done to continue the July 16, 2007 hearing in Cause No. 25827.[4]

---

No. 49) that Officer Clayton obtained the witness statements. Accordingly, the Court does not accept Mr. Morton's alleged facts relating to Detective Sergeant Koss on July 9, 2007.

[4] Mr. Morton agreed to this fact. Therefore, the Court declines to accept Mr. Morton's prior proffered facts on this subject: that he called the district court to reschedule the hearing due to a family emergency and did not attend the hearing because he understood that it was reset to a new date. *Id.* ¶¶ 8-10.

ORDER ~ 4

On July 19, 2007, Detective Sergeant Koss contacted Mr. Morton and told him that there was a warrant for his arrest because he failed to attend court. *Id.* ¶ 11. Detective Sergeant Koss advised Mr. Morton that he would be arrested if he did not conduct controlled buys. *Id.* ¶ 12.

On July 20, 2007, the Lower Kittitas County District Court issued an arrest warrant based on Mr. Morton's failure to appear for the July 18, 2007 hearing in Cause No. 25703. Mr. Morton called Prosecutor Fran Chmelewski to discuss the warrant. *Id.* ¶ 15. Prosecutor Chmelewski advised Mr. Morton that the warrant would be quashed. In response to a request from the Police Department, she also drafted a memorandum directed to the district court judge requesting a hearing to quash the warrant. *Id.* ¶¶ 15-17. A hearing occurred on July 25, 2007, to address Prosecutor Chemelewski's request to quash the warrant. *Id.* ¶ 18. On the record, however, Prosecutor Chmelewski advised, without providing an explanation, that she would not ask the court to quash the warrant. *Id.* ¶ 18. The arrest warrant was not quashed, and Mr. Morton was not advised that it was not quashed.

On the morning of July 26, 2007, Sergeant Bender and Detective Sergeant Koss confirmed through dispatch that there was an existing arrest warrant for Mr. Morton. The two officers, who were in an unmarked police vehicle, observed Mr. Morton leave his house. They contacted Officer Venera, who was in a marked patrol vehicle, and requested that he stop Mr. Morton's vehicle. Officer Venera initiated a traffic stop; Sergeant Bender and Detective Sergeant Koss then assisted Officer Venera, *id.* ¶¶ 19-20.

ORDER ~ 5

The stop and subsequent arrest were recorded on Officer Venera's audio and video recording devices; Mr. Morton was aware of the recording devices. Outside of the recording range, Detective Sergeant Koss told Mr. Morton that he had learned that Mr. Morton had tried to get the warrant quashed and that he "should not have messed with us." *Id.* ¶ 21. Mr. Morton was arrested on the outstanding warrant; his vehicle was searched. The vehicle search revealed two bindles of pills, a metal marijuana pipe, a misdemeanor amount of marijuana, and a digital scale and bag with marijuana residue. It was later confirmed that the two bindles of pills were methadone.

The officers informed Mr. Morton that he was looking at misdemeanor and felony charges for the items found in the vehicle, and that they wanted to speak to him about these items. The officers advised Mr. Morton of his *Miranda* rights and then questioned him about his drug sources.[5] While in the patrol vehicle, Mr. Morton admitted that the found items were his. Mr. Morton now contends, however, that he has no idea where the pills came from; he believes that the officers planted them.[6] *Id.* ¶ 26. Yet, he agrees that the officers did not threaten him.

---

[5] Plaintiff's proposed facts state that Mr. Morton was "badgered by" Detective Sergeant Koss while in the patrol vehicle. (ECF No. 42, ¶ 28.) There is nothing in the record (including the recorded audio), however, to support a finding that Detective Sergeant Koss's questioning amounted to "badgering."

[6] Mr. Morton admits that he has no direct evidence to support his allegation that the officers planted the pills in his vehicle.

ORDER ~ 6

Mr. Morton was transported to the Police Department and placed in an interrogation room. *Id.* ¶¶ 30-31. Mr. Morton did not request an attorney, and no attorney was provided. *Id.* ¶ 32. Mr. Morton entered into a written agreement to become a confidential informant ("CI Agreement"), wherein he agreed to engage in controlled buys if the City dropped the charges. Mr. Morton signed each term of the CI Agreement, which stated that he was "fully informed of [his] duties and obligations in this agreement, [and that he] . . . freely and voluntarily enter[ed] into this agreement." Detective Sergeant Koss questioned Mr. Morton; this conversation was recorded. *Id.* ¶¶ 32-33. Mr. Morton, who felt trapped, intimidated, and scared, stated that he obtained the pills from an individual named Larry. *Id.* ¶ 33. Mr. Morton conducted a controlled buy that evening. *Id.* ¶¶ 33-34.

The next day, on July 27, 2007, Prosecutor Chmelewski requested that the July 18, 2007-issued bench warrant be quashed given the CI Agreement. All of the aforementioned criminal charges related to the July 9, 2007 and July 26, 2007 incidents were dismissed, except for the July 9, 2007 MIC charge wherein Mr. Morton accepted a bail forfeiture.

As a result of the Police Department's actions, Mr. Morton has suffered anxiety and stress. *Id.* ¶ 35. Individuals have threatened Mr. Morton because of his cooperation. *Id.* Plus, Mr. Morton is concerned law enforcement will further restrict his liberty. *Id.*

On July 23, 2008, Mr. Morton filed his Claim for Damages with the City. On September 23, 2009, Mr. Morton filed this 42 U.S.C. § 1983 action, which also alleges state law claims. On October 4, 2010, the

Court granted Defendant Chmelewskis' motion to dismiss on prosecutorial immunity grounds. (ECF No. 29.) Trial is set for May 2, 2010.

**B.   Standard**

Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine issue of material for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**C.   Authority and Analysis**

With the above standard as its guide, the Court analyzes whether Mr. Morton's federal and state claims survive Defendants' summary judgment motion. First, the Court dispenses with the claims conceded by Mr. Morton. Mr. Morton concedes that he has insufficient evidence to pursue claims against the City, the Police Department, and Chief Miller. Further, Mr. Morton recognizes that, given the Court's prior ruling dismissing Prosecutor Chmelewski, he is unable to maintain his claims against the Prosecuting Attorney's Office. Accordingly, Defendants' motion is granted in part: Mr. Morton's claims against the City, Police Department, Chief Miller, and Prosecuting Attorney's Office are dismissed.

The Court now turns to the disputed claims against the Officer Defendants.

1.  <u>42 U.S.C. § 1983</u>

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the U.S. Constitution or federal statutes. 42 U.S.C. § 1983[7]; *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). The plaintiff must show that the officer's conduct violated the plaintiff's clearly-established constitutional right. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (ruling that either of these elements may be analyzed first); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Yet, an officer is protected from liability if he shows that he is entitled to qualified immunity, i.e., his "conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Here, there is no disagreement that each of the Defendant Officers acted under color of state law and that Mr. Morton's Fourth Amendment right to be free from an unreasonable arrest and search are clearly

---

[7] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

ORDER ~ 9

established. The parties disagree as to whether the Officer Defendants a) falsely arrested Mr. Morton by 1) causing the fourth degree assault charge to be filed even though probable cause was lacking because Mr. Morton refused to act as a confidential informant, 2) manipulated the judicial process in order to obtain an arrest warrant based on Mr. Morton's failure to appear at a court hearing, and 3) improperly placed methadone pills in Mr. Morton's vehicle and then charged him with possessing such, and b) conspired to engage in the afore-mentioned judicial-process manipulation and pill placement. The Officer Defendants argue that Mr. Morton failed to present sufficient evidence to support these claims and further that 1) they are entitled to qualified immunity because they had probable cause to arrest Mr. Morton and 2) Mr. Morton is barred under a) *Heck v. Humphrey*[8] from alleging that the July 9, 2007 MIC citation may form the basis for a § 1983 false arrest or imprisonment claim and b) *Hanson v. Snohomish*,[9] which held that a conviction is conclusive evidence of probable cause.

As explained below, the Court grants Defendants summary judgment on Mr. Morton's § 1983 false-arrest claims. First, Officer Weed had probable cause on July 9, 2007, to cite Mr. Morton for fourth-degree assault based on the two witness statements that Officer Clayton obtained. *See Michigan v. Defillippo*, 443 U.S. 31, 37 (1979) (Probable cause to arrest exists where the facts and circumstances of which the arresting officer has knowledge is sufficient to permit a reasonably

---

[8]  512 U.S. 477, 486-87 (1984).

[9]  121 Wn.2d 555, 560 (1993).

ORDER ~ 10

prudent person to conclude that a crime has been, will be, or is being committed.). There is no evidence from which to infer that Officer Clayton coerced or involuntarily obtained the witness statements implicating Mr. Morton as an assailant. Accordingly, Mr. Morton's citation did not violate his Fourth Amendment right.

Second, there is no evidence from which the Court can infer that the Officer Defendants manipulated the judicial process to ensure that an arrest warrant was issued for Mr. Morton because there is no evidence that the Officer Defendants were involved with Mr. Morton's failure to attend the hearing or encouraged the district court not to quash the warrant. In fact, Mr. Morton purports that Officer Koss telephonically advised him that an arrest warrant had been issued. And it was not the Officer Defendants' responsibility to advise Mr. Morton that the warrant was not quashed. The Officer Defendants lawfully arrested Mr. Morton on July 26, 2007, based on the arrest warrant.

Third, although Mr. Morton declared that he does not know how the methadone pills were placed in his vehicle, there is no evidence to support Mr. Morton's assertion that the Officer Defendants placed the methadone pills in his vehicle. The Officer Defendants, relying upon the case law at that time,[10] reasonably searched Mr. Morton's vehicle incident to his arrest on the arrest warrant. Mr. Morton does not dispute that the marijuana and drug paraphernalia in the vehicle were his. Although Mr. Morton faced only misdemeanor charges relating to the marijuana,

---

[10] *See New York v. Belton*, 453 U.S. 454 (1981); *Washington v. Stroud*, 106 Wn.2d 144 (1986).

ORDER ~ 11

there is no evidence that the Officer Defendants would not have asked Mr. Morton to act as a confidential informant in exchange for dropping the misdemeanor charges.  The audio recordings clearly indicate that the Officer Defendants informed Mr. Morton on multiple occasions that he need not act as a confidential informant.  There is no evidence, other than Detective Sergeant Koss's statement that Mr. Morton "should not have messed with us," to support a finding that the precarious situation that Mr. Morton was facing, i.e., agree to serve as a confidential informant or face the alleged charges, was anything but as a result of his own actions.  Detective Sergeant Koss's statement is insufficient by itself to create a triable issue of fact as to whether he or another Officer Defendant falsely arrested Mr. Morton.  *Cf. Turngren v. King Cnty.*, 104 Wn.2d 293 (1985) (reversing summary judgment in favor of officers because there was evidence that the officers knowingly and intentionally included false information in the affidavit to support probable cause submitted to the judge).  Accordingly, in July 2007, the Officer Defendants reasonably stopped and searched Mr. Morton's vehicle and then reasonably inquired as to whether he would serve as a confidential informant in exchange for charges being dropped.

Fourth, the July 9, 2007 MIC conviction has not been set aside or reversed.  Accordingly, Mr. Morton's § 1983 claims cannot be based on this conviction.  *See Heck*, 512 U.S. at 486-87.

Finally, the Court finds Mr. Morton failed to factually support his § 1983 civil conspiracy claim.[11]  As explained above, Mr. Morton failed

---

[11] To prove a § 1983 civil conspiracy claim, Mr. Morton must establish 1) the Officer Defendants agreed to deprive Mr. Morton of a

ORDER ~ 12

to establish a constitutional violation and there is no evidence that the Officer Defendants agreed to deprive Mr. Morton of his constitutional rights.

2.  State Law:  Malicious Prosecution

The Officer Defendants maintain that Mr. Morton cannot prove malicious prosecution because the criminal arrests and prosecutions were supported by probable cause.  Mr. Morton argues that there are triable issues of material fact as to whether the Officer Defendants filed the fourth-degree assault charge simply because Mr. Morton refused to act as a confidential informant.

To maintain his malicious-prosecution claim, Mr. Morton must factually establish: 1) the Officer Defendant(s) instituted or continued the prosecution, 2) probable cause that Mr. Morton committed the offense was lacking, 3) the prosecution was instituted or continued through malice,[12] 4) the prosecution was abandoned or terminated on the merits in Mr. Morton's favor, and 5) Mr. Morton suffered injury as a result of the prosecution.  *See Hanson v. City of Snohomish*, 121 Wn.2d 552 (1993).

Mr. Morton failed to establish that probable cause to arrest and prosecute him for fourth-degree assault was lacking.  On July 9, 2007,

---

constitutional right, 2) an overt act in furtherance of the conspiracy, and 3) a constitutional violation.  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999).

[12] "Malice" means personal hatred or ill will, any improper or sinister purpose, or any reckless disregard of the rights of the person. *Dever v. Fowler*, 63 Wn. App. 35 (1991).

ORDER ~ 13

Officer Clayton obtained statements from two witnesses that Mr. Morton assaulted another individual. Mr. Morton has not provided evidence to challenge the veracity of these witness statements or successfully argued that the statements failed to establish probable cause for assault. *See Washington v. Gonzalez*, 46 Wn. App. 338, 395 (1986) (defining probable cause as reasonable grounds to believe the suspect has committed or is committing a crime under the totality of the circumstances). Accordingly, Officer Weed's decision to cite Mr. Morton for fourth degree assault was supported by probable cause. *See McBride v. Walla Walla Cnty.*, 95 Wn. App. 33, 38 (1999) (recognizing that the existence of probable cause is a complete defense to a malicious prosecution claim). The Officer Defendants' motion is granted in part: the malicious-prosecution claim is dismissed.

   3.  State Law: False Arrest and Imprisonment

The Officer Defendants maintain that Mr. Morton's claims for false arrest and imprisonment under Washington law fail because 1) the arrests and citations were based on probable cause, and 2) they are barred by the two-year statute of limitations. Mr. Morton clarified that his claims for false arrest and false imprisonment relate only to his July 26, 2007 arrest on the un-quashed arrest warrant, which was issued for his failure to appear at the July 18, 2007 hearing on his June 2, 2007 MIP citation.

RCW 4.16.100(1) imposes a two-year statute of limitations for false arrest or imprisonment claims. *See Heckert v. Yakima*, 42 Wn. App. 38, 39 (1985). The Court finds Mr. Morton timely filed his claims given his July 26, 2007 arrest and resulting damages.

The Court, however, grants the Officer Defendants' motion to dismiss Mr. Morton's false arrest and imprisonment claims because 1) there is probable cause to support the June 2, 2007 MIP charge, i.e., Officer Bender observed then nineteen-year-old Mr. Morton with a beer bottle, *see McBride*, 95 Wn. App. at 38 (recognizing that the existence of probable cause is a complete defense to an action for false arrest or imprisonment); 2) there is no evidence connecting the Officer Defendants with Mr. Morton's failure to attend the July 18, 2007 hearing; and 3) there is no evidence connecting the Officer Defendants with the district court's decision to not quash the arrest warrant, *see Bender v. Seattle*, 99 Wn.2d 582, 591 (1983) ("In an action for false arrest, the general rule is that an officer is not liable if he makes an arrest under a warrant or process which is valid on its fact, even though there were facts within his knowledge which would render it void as a matter of law."). Accordingly, the Officer Defendants' motion to dismiss is granted in part: Mr. Morton's false imprisonment and arrest claims are dismissed.

    4.   <u>State Law: Civil Conspiracy</u>

For the same reasons as set forth above in connection with Mr. Morton's § 1983 civil conspiracy claim, the Court likewise dismisses Mr. Morton's state-law civil conspiracy claim. *See Sears v. Int'l Brothers of Teamsters*, 8 Wn.2d 447, 452 (1941) ("A conspiracy is a combination of two or more persons to commit a criminal or unlawful act, or commit a lawful act by criminal or unlawful means.").

    5.   <u>Outrage</u>

ORDER ~ 15

To establish outrage, Mr. Morton must establish 1) the Officer Defendant(s) engaged in extreme and outrageous conduct, 2) the Officer Defendant(s) intended to or recklessly inflict(ed) emotional distress, and 3) Mr. Morton suffered severe emotional distress as a result. *See Birklid v. Boeing Co.*, 127 Wn.2d 853, 867 (1995). The acts must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Pettis v. Washington*, 98 Wn. App. 553, 563 (1999).

As explained above, Mr. Morton failed to establish a triable issue that the Officer Defendants violated his constitutional rights. Also, there is no evidence that the Officer Defendants engaged in extreme and outrageous conduct; Detective Sergeant Koss's "you should not have messed with us" statement is insufficient to constitute extreme and outrageous conduct. Also, Detective Sergeant Koss's July 19, 2007-advisement that Mr. Morton would be arrested if he did not conduct controlled buys is not extreme or outrageous contact: an officer can suggest that an individual cooperate with law enforcement in lieu of pursuing a charge supported by probable cause. Here, there was probable cause to support the underlying MIP charge. Accordingly, Mr. Morton's outrage claim is dismissed.

6.   State Law:  Malicious Abuse of Process

The Officer Defendants seek dismissal of Mr. Morton's malicious-abuse-of-process claim because there are no facts to support this claim. Mr. Morton maintains that triable issues of fact exist as to whether the Officer Defendants manipulated the legal process to ensure that he was arrested and cooperated.

Abuse of process requires two essential elements "(1) the existence of an ulterior purpose—to accomplish an object not within the proper scope of the process—and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings." *Fite v. Lee*, 11 Wn. App. 21, 27 (1974); *see also Batten v. Abrams*, 28 Wn. App. 737, 745 (1981).

The Court finds that the Officer Defendants did not misuse the legal process to arrest or request that Mr. Morton to act as a confidential informant. There was probable cause to cite Mr. Morton for MIC, MIP, and fourth-degree assault. Mr. Morton's failure to attend the July 18, 2007 hearing and the resulting arrest-warrant issuance was not caused by the Officer Defendants. Further, there is no evidence that the Officer Defendants intervened to prevent the quashing of the arrest warrant. The Officer Defendants did not misuse the legal process by arresting Mr. Morton on the non-quashed arrest warrant. Mr. Morton was given the choice of performing controlled buys or proceeding to litigate the probable-cause-supported offenses: Mr. Morton chose to perform controlled buys. Under the facts before the Court, the Court grants the Officer Defendants' motion to dismiss Plaintiff's malicious-abuse-of-process claim.

**D. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment Dismissal **(ECF No. 30)** is **GRANTED**.

2. **JUDGMENT** is to be entered in Defendants' favor with prejudice.

3. All pending trial and hearing dates are **STRICKEN**.

ORDER ~ 17

4. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___22nd___ day of February 2011.

                                                 s/ Edward F. Shea
                                                  EDWARD F. SHEA
                                           United States District Judge

Q:\Civil\2009\3092.dismiss.disc.frm

ORDER ~ 18